UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
OCT - 5 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:22 CR 395 CDP NAB |
| ) | |
| STEVEN LITTLER, ) | |
| a.k.a. "Lemon" ) | |
| ) | |
| Defendant. | |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, Lisa M. Yemm, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), possession with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1). See 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

2. This offense with which the defendant is charged triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A). There are no

conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

3. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged. The defendant is charged with distributing fentanyl. Specifically, the defendant, along with co-defendant Williamson, provided fentanyl to his co-defendant William Martin, on multiple occasions for resale. On or about June 23, 2022, Martin distributed that fentanyl to victim K.H., who died as a result of ingesting that fentanyl.

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. Among other things, text messages between Martin and Littler show that Littler, along with his co-defendant Williamson, was Martin's source of supply for the fentanyl that caused K.H.'s death. Littler also admitted to investigators he sold fentanyl in a recorded interview.

### The History and Characteristics of the Defendant

5. This Court should consider the defendant's past conduct, including his history relating to drug or alcohol abuse, and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A). Littler has convictions for possession of methamphetamine and possession of a stolen firearm in Madison County and Monroe County, Illinois, respectively.

### The Nature and Seriousness of the Danger to the Community

6. Defendant's crime of distribution of fentanyl presents a lethal threat to those purchasing drugs from him, and the safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4). At least one individual has already died.

### Risk of Flight

7. There is a serious risk that the defendant will flee because he is facing a significant prison sentence in this case, based on the severity of the charges defendant is facing. Additionally, defendant's criminal history extends to Illinois, illustrating that he has ties to one other state.

### Conclusion

9. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

WHEREFORE, the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
Assistant United States Attorney